IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHELLE GARCIA and ROBERT
GARCIA, as parents and next friends
of YZETTA MARTINEZ, a minor,

      Plaintiffs,

v.                                                       No. CIV 00-773 JC/DJS

LAS VEGAS CITY SCHOOLS, HANK L.
DOMINGUEZ, Superintendent, in his official and
individual capacities, SANDRA MADRID, Principal,
in her official and individual capacities, and
TONY TORRES, in his official and individual capacities,

      Defendants.

## Memorandum Opinion and Order

THIS MATTER came before the Court for consideration of Defendants' Motion and Supporting Authority to Dismiss Plaintiffs' Equal Protection Claim (*Doc. 30*) and Defendants' Motion for Summary Judgment Based on Qualified Immunity and Other Grounds (Df's Motion for Summary Judgment) (*Doc. 31*). The Court has reviewed the motions, the memoranda, exhibits submitted by the parties, and the relevant authorities. The Court finds Defendants' Motion for Summary Judgment is well taken and will be granted. The Court further finds Defendants' Motion to Dismiss is moot and therefore will be denied.

**I.**     **Background**

Plaintiff, Yzetta Martinez, was a high achieving seventh grade student at Memorial Middle School during the academic year of 1999-2000. During that year she was a student in Defendant

1

Tony Torres' social studies class. Mr. Torres had been a faculty member of Memorial Middle School for twenty-two years.

On Thursday March 9, 2000, Miss Martinez and another student reported to counselors and Principal Sandra Madrid that, since the beginning of the 1999-2000 school year, Torres had been making sexual comments and engaging in inappropriate sexual behavior towards Miss Martinez, both inside and outside of the classroom. Miss Martinez previously had not sought out school officials. *See* Defendants' Memorandum in Support of Motion for Summary Judgment Based on Qualified Immunity and Other Grounds (Dfs' Memorandum for Summary Judgment) at 3, filed March 5, 2001 (*Doc. 32*).

That same day, Principal Madrid called Superintendent Dominguez to alert him of the allegations against Mr. Torres and asked him how to proceed. Superintendent Dominguez authorized Principal Madrid to remove Miss Martinez from Mr. Torres' classroom and to commence an immediate investigation of the allegations. Principal Madrid also called Miss Martinez's parents to inform them of their daughter's complaints and to schedule a meeting the next day.[1] *See id*. Principal Madrid then met with Mr. Torres to inform him of the allegations. Mr. Torres denied engaging in inappropriate behavior and insisted his comments were taken out of context.

The next day, Principal Madrid met with Miss Martinez, her parents, the Vice Principal, and the counselors with whom Miss Martinez first spoke. Principal Madrid also met privately with Miss Martinez and her parents.

---

[1] Plaintiffs' Complaint states that Miss Martinez's parents first informed Principal Madrid of the allegations. *See* Complaint for Violation of Title IX of the Education Amendments of 1972, 42 U.S.C. § 1983, and Pendant State Law Claims at 7, filed May 26, 2001 (*Doc. 1*). Plaintiffs' Response to Motion for Summary Judgment, however, adopts as accurate and true Defendants' assertion that Principal Madrid informed the parents of Miss Martinez's allegations against Torres. *See* Plaintiffs' Response to Motion for Summary Judgment on Qualified Immunity and Other Grounds (Pls' Response) at 3, filed March 20, 2001 (*Doc. 38*).

On March 13, Principal Madrid interviewed the students who Miss Martinez had said were aware of Mr. Torres' comments and behavior. After the interviews, Principal Madrid spoke with Superintendent Dominguez, who then determined that Mr. Torres' behavior was inappropriate. On March 16, Principal Madrid issued Mr. Torres a written reprimand,[2] which he signed. Principal Madrid then placed it in Mr. Torres' file.

Defendants state that Mr. Torres had no previous complaints against him. *See* Dfs' Memorandum in Support of Summary Judgment at 4 (*Doc. 32*). Plaintiffs, however, contend that they do not know whether that statement is true.

Plaintiffs further contend that Principal Madrid placed Miss Martinez into a social studies class for trouble makers and truants where Miss Martinez did nothing productive, causing her to be ostracized by her fellow students. Plaintiffs also state that due to the acts and omissions of Defendants, she received a "C" in Social Studies each semester and lower grades in her other classes for the 1999-2000 school year.

## II.    Analysis

## A.    Standard of Review

Summary judgment is appropriate only when the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED R. CIV. P. 56(c). The court must construe the evidence and draw all inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

---

[2] In pertinent part, the reprimand stated "[U]nder no circumstances shall you use any form of language which could be construed as inappropriate with your students." *See* Dfs' Memorandum for Summary Judgment, Exhibit A (*Doc. 32*). Plaintiffs contend that the reprimand was not a sufficient punishment. *See* Pls' Response at 9 (*Doc. 38*).

3

To successfully oppose a summary judgment motion, the nonmoving party must show that there is a genuine issue of fact, which requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248 (1986).

**B.     Plaintiffs' Title IX Claim**

Although Plaintiffs ask this Court to analogize Title IX to Title VII, citing various lower court cases in support[3], Title IX cannot be analogized to Title VII. "[I]t would 'frustrate the purposes' of Title IX to permit a damages recovery against a school district for a teacher's sexual harassment of a student based on principles of *respondeat superior* or constructive notice." *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 285 (1998).

Title IX provides in pertinent part, "[n]o person...shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). In viewing the facts in the light most favorable to the non-movant, the Court finds that Memorial Middle School is the recipient of federal funding. The Supreme Court, in *Gebser*, held that a school district is liable under Title IX for a teacher's sexual harassment of a student if an official had actual notice of the allegations and then acted with deliberate indifference. *See Gebser,* 524 U.S. at 292-93. An official

---

[3] *See* Pls' Response at 6-8. Prior to the Supreme Court's ruling in *Gebser*, this was a valid argument. *Gebser*, however, specifically distinguishes Title VII from Title IX, making such analogy no longer appropriate. *See Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 282-85 (1998).

4

is one who has, at a minimum, the "authority to institute corrective measures on the district's behalf." *Id* at 290. The Court then defined deliberate indifference as being "an official decision by the recipient not to remedy the violation." *Id* at 290.

In the present case, the Court finds that Plaintiffs meet the actual knowledge prong of the Gebser test, as both sides agree that Principal Madrid and Superintendent Dominguez received actual notice on March 9. Plaintiffs fail to demonstrate, however, that Defendants had any prior actual notice, as they agree with Defendants' facts that Miss Martinez's March 9 notification was the first time she had informed Defendants of her allegations. *See* Pls' Response at 3 (*Doc. 38*).

The Court further finds that Plaintiffs fail to meet the standard for deliberate indifference. Plaintiffs allege that various actions by Principal Madrid and Superintendent Dominguez were unreasonable. *See* Pls' Response at 9 (*Doc. 38)*. Under *Gebser*, however, to meet the deliberate indifference standard, Defendants must have made a decision not to remedy the situation. *See Gebser,* 524 U.S. at 290. In light of the facts of this case, the Court does not find that Defendants' actions amounted to deliberate indifference, as Plaintiffs do not set forth any facts demonstrating a decision by either Principal Madrid or Superintendent Dominguez not to act. Moreover, Defendants specify various facts that demonstrate a specific intent to take action. In quick reiteration, Principal Madrid, upon discovery of the allegations, called Superintendent Dominguez to inform him and to ask for his direction; commenced an immediate investigation; removed Miss Martinez from Mr. Torres' class; informed Miss Martinez's parents of the allegations; met with Mr. Torres; met with Miss Martinez; and spoke with other students. Upon concluding the investigation, Principal Madrid, at the determination of Superintendent Dominquez, issued Mr. Torres an official written reprimand and placed it in his personnel file. Under the facts of this case, and in light of the Supreme Court's

definition of deliberate indifference, Principal Madrid's and Superintendent Dominquez's actions do not amount to deliberate indifference.

**C.     Plaintiffs' 42 U.S.C. § 1983 Claim**

    **i.     School district's liability for sexual harassment under the Equal Protection Clause**

The Fourteenth Amendment of the United States Constitution provides that "[n]o state shall... deny to any person within its jurisdiction the equal protection of the laws." 42 U.S.C. § 1983 allows for suits by individuals as against a municipal entity or any other person acting under color of state law. Tenth Circuit law clearly establishes that sexual harassment by a state actor is a violation of the Equal Protection Clause. *See Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir. 1989) (citations omitted).

To establish school district liability, a plaintiff must show that school officials acted in a discriminatory manner, and this manner is representative of an official policy or custom of the school district, or the action was taken by an official with final policy making authority. *See Murrell v. Sch. Dist. No. 1,* 186 F.3d 1238, 1249 (10th Cir. 1999). A policy is defined as a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by a [school district's] officers." *Id.* (citations omitted). If the plaintiff cannot establish an official policy, he may be able to prove that there was a "custom of failure to receive, investigate or act on complaints of violations of female students' constitutional rights." *Gates v. Unified Sch. Dist.*, 996 F.2d 1035, 1041 (10th Cir. 1993). To establish a custom, a plaintiff must plead and prove:

> (1) the existence of persistent, continued and widespread unconstitutional misconduct by the school district's employee;
> (2) the policy makers' deliberate indifference to or tacit condoning of the misconduct after notice of that specific misconduct;

> (3) that the plaintiff was injured due to the unconstitutional acts of the employee and that the custom was the moving force behind the unconstitutional acts.

*Id.*

In *Gates*, the court held that the evidence did not support a finding of the existence of a pattern of persistent and widespread unconstitutional conduct by the school board. The court determined that board's knowledge of at least one earlier instance of sexual misconduct by the teacher was not sufficient to meet the standard for a custom. *Id.* at 1042.

The court in *Gates* distinguished itself from the court in *Stoneking v. Bradford Area Sch. Dist. Id.* (citing Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720 (3rd Cir. 1989)). In *Stoneking*, the court held that the school district had adopted a practice, custom or policy of reckless indifference to known or suspected instances of sexual abuse against students by teachers. The court so held, as the facts indicated that the principal had received and then concealed at least five complaints of sexual assault by teachers or staff members against female students. *See Stoneking*, 882 F.2d at 724-25.

The present case may be distinguished from *Stoneking* and likened to *Gates*, as Plaintiffs fail to establish either an official policy of discrimination by the school district or a custom of failure to receive, investigate or act on complaints of violations of students' constitutional rights. Unlike *Stoneking*, in which plaintiff pointed to specific instances of knowledge and concealment by the principal regarding prior misconduct of teachers, in this case, Plaintiffs do not offer factual evidence indicating any actions or omissions by Principal Madrid or Superintendent Dominquez that amount to deliberate indifference upon receiving notice of Miss Martinez's complaints.

The standard for deliberate indifference is a stringent standard of fault requiring "proof that a municipal actor disregarded known or obvious consequences of his actions." *Board of County Com'rs v. Brown*, 520 U.S. 397, 410 (1997). Plaintiffs, in this case, assert that Principal Madrid's

7

letter of reprimand to Mr. Torres, her placement of Miss Martinez in the Choices Class, and the subsequent investigation were unreasonable. *See* Pls' Response at 7-9 (*Doc. 38)*. Other than mere allegations of unreasonableness, Plaintiffs offer no evidence from which it could be inferred that the letter of reprimand was insufficient. Regarding the Choices Class, in her affidavit, Michelle Garcia, Miss Martinez's mother, states that she "perceives" that the placement of Miss Martinez was a punishment, as there was another class in which Principal Madrid could have placed Miss Martinez. *See id.*, Exhibit A at 2 (*Doc. 38)*. Yet, as Ms. Garcia also states, if Principal Madrid had placed Miss Martinez in the other class she would have had to change her entire class schedule. *See id.* As a result of Principal Madrid's reasoning for not placing Miss Martinez in the other class, Principal Madrid did not act with deliberate indifference by disregarding known or obvious consequences.

Plaintiffs, furthermore, do not offer any facts indicating that Principal Madrid or Superintendent Dominguez acted with deliberate indifference during their investigation of Miss Martinez's allegations. As previously discussed, Plaintiffs stipulate to Defendents' facts regarding the immediate steps taken by Principal Madrid and Superintendent Dominguez. Plaintiffs' allegations, therefore, do not meet the stringent standard of proof necessary for deliberate indifference.

### ii. Individual liability of Principal Madrid and Superintendent Dominguez for sexual harassment under the Equal Protection Clause

A government official or supervisory employee may be held liable under § 1983 if plaintiff can demonstrate he/she acted with deliberate indifference to known sexual harassment. *See Murrell*, 186 F.3d at 1250. "[L]iability under § 1983 must be predicated upon a 'deliberate deprivation of constitutional rights by the defendant and not upon mere negligence." *Id. (*quoting Woodward v. City of Worland, 977 F.2d 1392, 1401 (10th Cir. 1992)). As stated previously, the deliberate indifference

standard is a stringent standard of fault.

To overcome a motion for summary judgment, plaintiffs must state a claim of deliberate discriminatory conduct and indicate facts sufficient to allege that "defendants actually knew of and acquiesced in" the teacher's actions. *Murrell*, 186 F.3d at 1250 (quoting Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995)). Unlike *Murrell*, in which plaintiff sufficiently alleged facts indicating that the teachers and principal knew about the sexual harassment by a student against the plaintiff's daughter, in this case, Plaintiffs do not state any facts indicating that Principal Madrid or Superintendent Dominquez knew of Mr. Torres' alleged actions. As discussed above, Plaintiffs specifically concede to Defendants' statement that Miss Martinez previously had not reported Mr. Torres' alleged conduct to any school officials. Plaintiffs, therefore have not stated a claim under § 1983 against Principal Madrid and Superintendent Dominquez in their individual capacities.

### iii. Qualified Immunity

Before the issue of qualified immunity arises, plaintiff must first sufficiently state a claim under § 1983. *See Murrell*, 186 F.3d at 1251. If plaintiff fails in his burden, the court need not address the issue of qualified immunity, as there remains no initial case against defendants such that they need to claim the defense. In the present case, Plaintiffs do not successfully meet their burden. Assuming, however, that Plaintiffs had met their initial burden, Defendants would be entitled to qualified immunity, nonetheless.

The doctrine of qualified immunity recognizes the necessity of allowing officials to act without the constant shadow of lurking litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). Individual defendants, therefore, are protected under the ambit of qualified immunity if plaintiffs cannot establish that "their alleged conduct violated clearly established constitutional rights of which a reasonable

9

person in their positions would have known." *Murrell*, 186 F.3d at 1251 (citing Harlow *v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Moreover, plaintiffs must demonstrate that defendants' conduct was objectively unreasonable in light of clearly established law. *See Murrell,* 186 F.3d at 1251. As both Plaintiffs and Defendants admit, the Tenth Circuit has clearly enunciated that "sexual harassment... can violate the Fourteenth Amendment right to equal protection of the laws." *Id.* (citations omitted).

In this case, Plaintiffs do not allege any facts indicating either Principal Madrid or Superintendent Dominguez sexually harassed Miss Martinez. Furthermore, Plaintiffs fail to show that either Defendant acted with objective unreasonableness in light of clearly established law, as Plaintiffs' contentions regarding the decision to place Miss Martinez in the Choices Class, the investigation and the letter of reprimand do not demonstrate any violation of clearly established law. The Court, therefore, finds that Defendants would be protected under qualified immunity if Plaintiffs had originally established a § 1983 claim.

### III.     Plaintiffs' Move to Amend

Plaintiffs move to amend their complaint to specifically allege the deliberate indifference of the individual defendants. *See* Pls' Response, 11 (*Doc. 38).* Even assuming the Court were to grant the move to amend while looking at the facts in the light most favorable to the Plaintiffs, they still would not be able to withstand Defendants' motion for summary judgment, as they have not sufficiently alleged facts to demonstrate that Defendants acted with deliberate indifference, specifically plead or otherwise. The Court therefore denies Plaintiffs' move to amend their complaint as moot.

### IV.     Motion to Dismiss

For the above reasons, Defendants' Motion to Dismiss is moot and is therefore denied.

## V. Conclusion

Due to the above stated reasons, the Court denies Defendants' Motion to Dismiss Plaintiffs' Equal Protection Claim as moot. The Court, however, grants Defendants' Motion for Summary Judgment Based on Qualified Immunity and Other Grounds. The Court finds that Plaintiffs did not meet their burden under either Title IX or 42 U.S.C. § 1983 as against Las Vegas City Schools, Hank Dominguez or Sandra Madrid. Plaintiffs' facts do not sufficiently demonstrate that Principal Madrid or Superintendent Dominquez acted with deliberate indifference. Moreover, Plaintiffs' facts do not support the proposition that Defendants acted in a discriminatory manner, and that this manner is representative of an official policy or custom. Finally, the Court denies Plaintiffs move to amend their complaint as moot.

Wherefore,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Equal Protection Claim, filed February 26, 2001, is **denied**.

**IT IS ORDERED** that Defendants' Motion for Summary Judgment Based on Qualified Immunity and Other Grounds, filed March 5, 2001, is **granted**.

DATED October 24 , 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

>David L. Plotsky, Esq.
>122 Girard S.E.
>Albuquerque, New Mexico

Counsel for Defendants:

>Cindy Lovato-Farmer, Esq.
>Narvaez Law Firm, P.A.
>Post Office Box 25967
>Albuquerque, New Mexico

>Elizabeth L. German, Esq.
>3903 Juan Tabo N.E.
>Albuquerque, New Mexico